Adam U. Lindgren (SBN: 177476)
CITY OF MODESTO
1010 10th Street, Suite 6300
P.O. Box 642
Modesto, CA 95353
Telephone: (209) 577-5284
Facsimile:  (209) 544-8260

Deborah J. Fox (SBN: 110929)
dfox@meyersnave.com
David Mehretu (SBN: 269398)
dmehretu@meyersnave.com
William H. Curtis (SBN: 139920)
bcurtis@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, California 94607
Telephone: (510) 808-2000
Facsimile:  (510) 444-1108

Attorneys for Defendants,
MODESTO POLICE SERGEANT JAMES
"DERRICK" TYLER, LIEUTENANT
TERRY SEESE, CITY OF MODESTO

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ADORTHUS CHERRY,<br><br>                Plaintiff,<br><br>        v.<br><br>Modesto Police Sergeant JAMES "DERRICK" TYLER, Lieutenant TERRY SEESE, the CITY OF MODESTO,; and JOHN/JANE DOEs #s 1 through 10, inclusive.<br><br>                Defendants. | Case No. 1:18-cv-01268-LJO-EPG<br><br>**STIPULATION AND ORDER TO MODIFY SCHEDULING ORDER**<br><br>Hon. Magistrate Judge Erica P. Grosjean<br><br><br>Trial Date:       November 17, 2020 |

1	Pursuant to Local Rule 143 and Federal Rule of Civil Procedure 16(b) Plaintiff
2	Adorthus Cherry ("Plaintiff") and Defendants Modesto Police Sergeant JAMES
3	"DERRICK" TYLER, Lieutenant TERRY SEESE, and the CITY OF MODESTO
4	("Defendants") (collectively "the parties") stipulate and ask the Court to amend the
5	scheduling order entered on August 14, 2019 (ECF No. 30) to allow Defendants to
6	designate a replacement police expert witness in place of their currently designated expert
7	(and rebuttal expert) Thomas Frazier, who has become unavailable due to a grave medical
8	condition, by April 16, 2020, accompanied on that date by the new expert's F.R.Civ.P.
9	Rule 26(a)(2) report.  (See discussion below.)
10	"The district court is given broad discretion in supervising the pretrial phase of
11	litigation." *Johnson v. Mammoth Recreations, Inc.,* 975 F2d 604, 607 (9th Cir. 1992)
12	(citation and internal quotations marks omitted).  Rule 16(b) provides that "[a] schedule
13	may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P.
14	16(b)(4).  "The schedule may be modified 'if it cannot reasonably be met despite the
15	diligence of the party seeking the extension.'"  *Zivkovic v. Southern California Edison Co.,*
16	302 F.3d 1080, 1087 (9th Cir. 2002)(quoting *Johnson,* 975 F.2d at 607).
17	Good cause exists for this extension.  On Friday, March 6, 2020, Defendants'
18	counsel David Mehretu was advised by Thomas Frazier (Defendants' sole, disclosed
19	expert witness) that he (Mr. Frazier) is undergoing treatment for a grave medical condition,
20	has had a sudden precipitous decline in health, and is unable to further work as an expert
21	witness in this matter including testifying at deposition and trial.
22	Defendants' counsel immediately notified counsel for Plaintiff of this development.
23	Plaintiff's counsel agreed to the substitution of a replacement expert (including as an
24	expert and rebuttal expert) in place of Mr. Frazier, so long as the new expert adopts Mr.
25	Frazier's opinions and expert report and rebuttal report as is, without adding any new
26	opinions.  The new expert is free to subtract entire, numbered opinions, but not to add
27	opinions Mr. Frazier has already given in his reports, or otherwise modify any of his
28	opinions.

1    Defendants must designate their replacement expert, and must serve his/her report
2 and supplemental report adopting Mr. Frazier's already stated reports and opinions as
3 discussed above, without incorporation or reference to Mr. Frazier's reports, opinions, or
4 name and so they are free standing and complete in of themselves, by April 16, 2020.
5    Wherever Mr. Clark, in his reports, may have referred to the report and/or opinions
6 of Mr. Frazier, it will be understood, for purposes of presentation of any evidence to a jury,
7 that he is referring to the report and/or opinions of Defendants' new expert.  The parties
8 will work together as necessary to present such evidence seamlessly and non-prejudicially
9 to a jury.
10    Defendants must agree to produce the new expert for deposition at Plaintiff
11 counsel's office (and accept service), or by video, within a reasonable time and so as not to
12 disrupt the set case schedule, for no more than what Mr. Frazier would have charged.  If
13 more, whether hourly or for travel or accommodations, etc., Defendants must bear the
14 difference in expense.  This will be the only expert witness change allowed, no other
15 experts may be named, and Defendants may not revert to utilizing Mr. Clark after the
16 parties stipulate to this agreement.
17    If Defendants rely on an expert's report or opinions in any dispositive motion,
18 Defendants must produce their new expert for deposition by Plaintiff's counsel by no later
19 than May 1, 2020, if Plaintiff so insists, in order to avoid disrupting the set case schedule,
20 including the dispositive motion filing deadline of May 8, 2020—provided, however, that
21 Plaintiff may elect to depose Defendant's new expert later than this date.  If Defendants
22 decline to rely on an expert's report or opinion in any dispositive motion, by informing
23 Plaintiff's counsel in writing or by email of such decision by April 29, 2020, Defendants
24 must instead produce their new expert for deposition by Plaintiff's counsel within a
25 reasonable time thereafter.
26    Failure to abide by any of the terms of this stipulation voids this stipulation.
27 / / /
28 / / /

1   **IT IS SO STIPULATED** between the parties.

3   DATED: April 16, 2020          MEYERS, NAVE, RIBACK, SILVER & WILSON

By:   /s/ William H. Curtis
WILLIAM H. CURTIS
DAVID MEHRETU
Attorneys for Defendants,
MODESTO POLICE SERGEANT JAMES "DERRICK" TYLER, LIEUTENANT TERRY SEESE, CITY OF MODESTO

11  DATED:  April 16, 2020         RANDOLPH E. DAAR
BEN ROSENFELD

By:   /s/ Ben Rosenfeld
BEN ROSENFELD
Attorneys for Plaintiff,
ADORTHUS CHERRY

1 **ORDER**

2   The stipulation of the parties (ECF No. 39) to amend the scheduling order entered
3 on August 14, 2019 (ECF No. 30) to allow Defendants to designate a replacement police
4 expert witness in place of their currently designated expert (and rebuttal expert) Thomas
5 Frazier, who has become unavailable due to a grave medical condition, by April 16, 2020,
6 accompanied on that date by the new expert's F.R.Civ.P. Rule 26(a)(2) report, is approved
7 and granted pursuant to the conditions and terms set forth in said stipulation and as set
8 forth above.

10 IT IS SO ORDERED.

11   Dated: __**April 16, 2020**__    /s/ *Erica P. Grosjean*
12                                     UNITED STATES MAGISTRATE JUDGE